**MABON LIMITED, Petitioner,**

v.

**AFRI–CARIB ENTERPRISES, INC., Respondent.**

No. 09–0715.

Supreme Court of Texas.

Feb. 17, 2012.

Rehearing Denied June 8, 2012.

David W. Holman, The Holman Law Firm, P.C., MaLinda Edwards Watson, Michael D. Hudgins, Courtney Taylor Carlson, The Hudgins Law Firm, PC, Houston, TX, for Mabon Limited.

James C. Plummer, Plummer & Kuykendall, Peter M. Kelly, Kelly Durham & Pittard LLP, Houston, TX, for Afri–Carib Enterprises, Inc.

PER CURIAM.

In this case, we consider whether a corporation seeking a bill of review is required to prove its diligence in monitoring the status of its underlying case when that bill-of-review plaintiff was represented by counsel but proves that, through no fault of its own, it did not receive notice of the trial setting that led to a default judgment. It is well established that once a bill-of-review plaintiff proves the absence of service or the lack of notice of the dispositive trial setting, the plaintiff is then relieved of proving the traditional bill-of-review elements and the court should grant the plaintiff's bill of review. *See, e.g., Peralta v. Heights Med. Ctr.,* *Inc.,* 485 U.S. 80, 84, 87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Caldwell v. Barnes (Caldwell II),* 154 S.W.3d 93, 96 (Tex.2004) (per curiam); *Lopez v. Lopez,* 757 S.W.2d 721, 722–23 (Tex.1988) (per curiam). We hold that once a bill-of-review plaintiff proves it had no notice of the trial setting or the default judgment, it need not establish that it diligently monitored the status of its case. Accordingly, we reverse the court of appeals' judgment and reinstate the judgment of the trial court.

This appeal arises from a 1996 breach-of-contract suit filed in Harris County by Afri–Carib Enterprises, a Texas oil and gas exploration corporation doing business in Africa, against Mabon Limited, a Nigerian corporation. Afri–Carib entered into a joint venture with Mabon, which provided that the companies would share business information and contacts with one another for commissions. Pursuant to their agreement, Afri–Carib introduced Mabon to TGS International Geophysical Company (TGSI). Subsequently, Mabon entered a joint venture with TGSI and terminated its relationship with Afri–Carib.

After Mabon repudiated the joint venture agreement, Afri–Carib brought a breach-of-contract action, claiming Mabon never paid it commissions owed from Mabon's venture with TGSI. Because Mabon does not maintain offices or a designated agent for service in Texas, Afri–Carib served Mabon with process through the Texas Secretary of State. Upon receiving service, Mabon hired a Texas attorney to serve as its defense counsel. Mabon's attorney filed an answer and special appearance on behalf of Mabon. Pursuant to the Texas Rules of Civil Procedure, Mabon's attorney was sent notice of the trial setting. Tex.R. Civ. P. 21a. Notice was not sent to Mabon directly, and Mabon's attorney failed to notify Mabon of the trial setting. When the case was called to trial,

neither Mabon nor its counsel appeared. In September 1998, the trial court entered a default judgment against Mabon in the amount of $1,098,520.40, plus $300,000.00 in attorney's fees. Although the trial court clerk sent notice of the default judgment to Mabon's counsel, Mabon's counsel failed to notify Mabon of the default judgment or challenge the judgment. Mabon learned of the default judgment in early 1999 after Afri–Carib began collection efforts.

The parties later discovered that throughout all proceedings in the breach-of-contract suit, Mabon's attorney was suspended from the practice of law. Unbeknownst to Mabon, the State Bar of Texas had suspended the attorney's license because of his failure to pay the state occupation tax and State Bar dues and failure to comply with the minimum continuing legal education requirements.

Upon learning of the default judgment, Mabon hired new counsel who timely filed a restricted appeal on its behalf, claiming that the underlying contract was unenforceable. The Fourteenth Court of Appeals affirmed the default judgment in all respects, but reduced the amount of attorney's fees awarded to Afri–Carib. *Mabon Ltd. v. Afri–Carib Enters., Inc. (Mabon I)*, 29 S.W.3d 291, 299, 301–02 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Mabon then challenged the default judgment by filing a petition for bill of review with the trial court, claiming that it had no notice of the trial setting or subsequent default judgment. The trial court denied Mabon's petition for bill of review, but the First Court of Appeals reversed and remanded the case to the trial court. *Mabon Ltd. v. Afri–Carib Enters., Inc. (Mabon II)*, No. 01–03–01219–CV, 2005 WL 1117983, at *4 (Tex.App.-Houston [1st Dist.] May 12, 2005, pet. denied) (mem. op.). After we denied Afri–Carib's petition

for review, 49 Tex.Sup.Ct.J. 273 (Jan. 30, 2006), the parties continued their proceedings before the trial court.

On remand, the trial court granted Mabon's bill of review, vacated the previous default judgment, and ordered the parties returned to their original status, with Afri–Carib bearing the burden of proof on the breach-of-contract issue. Because the trial court found that Mabon had no actual or constructive notice of the trial setting or default judgment, it held that Mabon was relieved of proving the first two bill-of-review elements, and the third element, lack of negligence, was conclusively established as a matter of law. After a period of discovery, the trial court granted Mabon's motion for summary judgment on the merits, finding that Afri–Carib's 1996 breach-of-contract claim was untimely and barred by limitations. Afri–Carib appealed and argued that the trial court should not have granted summary judgment in the first place; however, Afri–Carib did not contest the merits of the trial court's ruling on Mabon's motion for summary judgment—effectively conceding that its original claim was barred by limitations. 287 S.W.3d 217, 223 (Tex.App.-Houston [14th Dist.] 2009).

The Fourteenth Court of Appeals affirmed the trial court's finding that Mabon had no notice of the trial setting or the default judgment, but remanded the case to the trial court to determine whether Mabon was "diligent in monitoring the case status." *Id.* at 222. Citing one of its prior, unreported opinions, the court of appeals stated that "[a] bill of review plaintiff's obligation of non-negligence includes a duty of diligence in not allowing a default judgment to be taken against him." *Id.* at 221 (citing *Abou–Trabi v. Best Indus. Unif. Supply, Inc.*, No. 14–02–01000–CV, 2003 WL 22252876, at *3 (Tex.App.-Houston [14th Dist.] Oct. 2, 2003, no pet.) (mem.

op.)). Because the trial court did not hear evidence of Mabon's diligence in monitoring the status of its pending litigation, the court of appeals reversed the trial court's judgment and remanded the case for further proceedings. *Id.* at 222.

Both parties petitioned this Court for review. Mabon argues that the court of appeals erred in creating a new diligence standard for bill-of-review plaintiffs and that once the court of appeals found no notice, it should have affirmed the trial court's judgment. In its petition, Afri–Carib does not contest the court of appeals' decision on the diligence issue, but claims that the court of appeals should have decided the issue as a matter of law instead of remanding to the trial court and giving Mabon a second chance to correctly present its bill-of-review case. Additionally, and in reply to Mabon's petition, Afri–Carib claims that the court of appeals erred in finding that Mabon had no notice of the underlying default judgment. We denied both petitions on February 25, 2011, and subsequently granted both parties' motions for rehearing. 55 Tex.Sup. Ct.J. 30 (Oct. 24, 2011).

■■■ A bill of review is an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial or direct appeal. *Caldwell II,* 154 S.W.3d at 96. Ordinarily, a bill-of-review plaintiff must plead and prove: "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiff[ ] [was] prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part." *Id.* Courts narrowly construe the grounds on which a plaintiff may obtain a bill of review due to Texas's fundamental public policy favoring the finality of judgments. *See, e.g., King Ranch, Inc. v. Chapman,*

118 S.W.3d 742, 751 (Tex.2003); *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). But when a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above. *See, e.g., Peralta,* 485 U.S. at 84, 87, 108 S.Ct. 896; *Caldwell II,* 154 S.W.3d at 96–97. And the third element, lack of negligence, is conclusively established if the bill-of-review plaintiff can prove it was never served with process. *Caldwell II,* 154 S.W.3d at 97 (citing *Caldwell v. Barnes (Caldwell I),* 975 S.W.2d 535, 537 (Tex.1998)); *see also Peralta,* 485 U.S. at 84, 87, 108 S.Ct. 896 (holding that "a judgment entered without notice or service is constitutionally infirm," and "only 'wip[ing] the slate clean ... would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place'" (alterations in original) (citations omitted)). But *cf. Campus Invs., Inc. v. Cullever,* 144 S.W.3d 464, 466 (Tex.2004) (per curiam) (affirming the trial court's denial of a bill of review where the petitioner never received service that was properly sent by the Texas Secretary of State because the petitioner was negligent in failing to update the addresses for its registered agent and registered office); *Gold v. Gold,* 145 S.W.3d 212, 214 (Tex.2004) (per curiam) (noting that a bill-of-review plaintiff's failure to seek reinstatement, new trial, or a direct appeal, if available, would normally constitute negligence).

■■■ Similar to situations in which a defendant was not properly served with process, when the defendant did not receive proper notice of the trial setting, we have modified the traditional requirements for a restricted appeal and motion for new trial to set aside a post-answer default judgment. *See, e.g., LBL Oil Co. v. Int'l Power Servs., Inc.,* 777 S.W.2d 390 (Tex.1989)

(per curiam) (restricted appeal); *Lopez*, 757 S.W.2d at 722 (motion for new trial). Entry of a post-answer default judgment against a defendant who did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution. *LBL Oil Co.*, 777 S.W.2d at 390–91; *see also Lopez*, 757 S.W.2d at 722 (modifying the *Craddock* factors for a motion for new trial when a post-answer defendant had no actual or constructive notice of the trial setting, and holding that the defendant was entitled to a new trial (citing *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939))).

■ While the third bill-of-review element, lack of fault or negligence, requires a party to show that it diligently pursued all adequate legal remedies, we have never held that a party must show that it diligently monitored the case status, especially after a party hires an attorney to represent it. In *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924 (Tex.1999) (per curiam), the Court recognized that, generally, a bill of review "is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party." *Id.* at 927 (holding that the defendant's failure to obtain a ruling on a motion for new trial was not lack of diligence when its attorney had no reason to know the judgment had become final). Following *Wembley,* we clarified the meaning of "due diligence in pursuing all adequate legal remedies" and noted that "we have only applied this rule to motions that could have been filed in the trial court's first proceeding." *Gold,* 145 S.W.3d at 214 (quoting *Wembley,* 11

S.W.3d at 927); *see also Caldwell I,* 975 S.W.2d at 538 (finding no lack of diligence despite a nearly two-year delay in bringing a petition for bill of review after learning of the default judgment). Here, the record indicates that Mabon was diligent in pursuing all available legal remedies to challenge the default judgment. Once Mabon learned of the default judgment, it timely filed a restricted appeal to contest aspects of the judgment and, because the time for filing a motion for new trial had passed, it timely filed its petition for bill of review. *See* TEX.R. CIV. P. 329b(a), (f); *Mabon I,* 29 S.W.3d at 302; *Mabon II,* 2005 WL 1117983, at *1. Moreover, nothing in the record suggests that Mabon was negligent in its failure to receive notice of the trial setting or default judgment. The law requires no further showing of diligence.

The Due Process Clause of the Fourteenth Amendment requires that once a defendant makes an appearance, that defendant is entitled to notice of the trial setting. *See, e.g., LBL Oil Co.,* 777 S.W.2d at 390–91 (citing *Peralta,* 485 U.S. at 86–87, 108 S.Ct. 896); *Lopez,* 757 S.W.2d at 722. Here, both the trial court and court of appeals found that Mabon had no notice of the trial setting or the default judgment. 287 S.W.3d at 221. Because Mabon proved that (1) it had no notice of the trial setting or the default judgment within an adequate time to pursue alternative legal remedies, and (2) the lack of notice was not because of its own fault or negligence, the first two traditional bill-of-review requirements—that Mabon show proof of a meritorious defense to the underlying cause of action, which it was prevented from making by fraud, accident, or wrongful act of the opposing party or by official mistake—are rendered unnecessary, and the final traditional requirement—lack of negligence—is conclusively established. *See, e.g., Peralta,* 485 U.S. at 84–85, 108

S.Ct. 896; *Caldwell II*, 154 S.W.3d at 97; *Lopez*, 757 S.W.2d at 723. Finally, to the extent that it conflicts with this opinion, we expressly disapprove of the appellate court's decision in *Abou–Trabi v. Best Industrial Uniform Supply, Inc.*, No. 14–02–01000–CV, 2003 WL 22252876, at *3 (Tex. App.-Houston [14th Dist.] Oct. 2, 2003, no pet.) (mem.op.).

Accordingly, without hearing oral argument, we grant Mabon's petition for review, reverse the court of appeals' judgment, and reinstate the judgment of the trial court. *See* TEX.R.APP. P. 59.1.

Justice GUZMAN did not participate in the decision.