**Opinion issued August 9, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-12-00537-CV**

_____

**WILLIAM D. WILSON, SR., Appellant**

**V.**

**AMERICAN BUILDERS & CONTRACTORS SUPPLY COMPANY, INC. D/B/A ABC SUPPLY CO., INC., Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 967030**

---

**MEMORANDUM OPINION**

William D. Wilson, Sr. brought this restricted appeal from a post-answer

default judgment rendered in favor of appellee American Builders & Contractors

Supply Company, Inc. *d/b/a* ABC Supply Co., Inc. ("ABC Supply"). To prevail on a restricted appeal, the appellant must show: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 26.1(c), 30.

The parties have not yet filed briefs in this case, but they have submitted an "Agreed Motion to Set Aside the Judgment and Remand for New Trial." According to the agreed statement of the procedural history of this case and this Court's review of the record, all four requirements for relief via a restricted appeal have been met: (1) Wilson filed a notice of appeal within six months after the date the trial court signed the default judgment; (2) Wilson was a party to the underlying lawsuit; (3) Wilson did not participate in the hearing on ABC Supply's motion for default judgment, which was the dispositive trial setting in this case; and (4) error is apparent on the face of the record because the trial court rendered a default judgment in favor of ABC Supply without notice of the motion for default judgment or notice of the hearing on the motion for default judgment being given

2

to Wilson.[1]  *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 899 (1988) (stating that failure to give notice of proceeding that will be accorded finality is violation of due process); *Mabon Ltd. v. Afri-Carib Enters., Inc.*, No. 09-0715, 2012 WL 539385, at *4 (Tex. Feb. 17, 2012) (per curiam) ("Entry of a post-answer default judgment against a defendant who did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution."); *see also LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam) (holding same in writ of error context); *Yuen v. Fisher*, 227 S.W.3d 193, 199 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("Because the record establishes that Fisher had no actual or constructive notice of the default judgment hearing, we conclude that the trial court did not abuse its discretion in setting aside the default judgment.").

---

[1]    Although ABC Supply's motion for default judgment contains a certificate of service, this certificate states that the motion was mailed to "William E. Wilson" at an address in Lorena, Texas.  ABC Supply's first amended petition, the citation for this petition, and the "Certificate of Last Known Address for Defendant William D. Wilson, Sr." all list Wilson's mailing address as an address in China Springs, Texas.  The record does not contain a notice of hearing relating to ABC Supply's motion for default judgment.

We therefore reverse the judgment of the trial court and remand this cause for further proceedings.  All pending motions are denied as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.