

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-12-00356-CV

**IN THE ESTATE OF ANTONIO AGUILAR SR.**, Deceased

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2011-CVQ-000063-L1
Honorable Jesus Garza, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  February 13, 2013

AFFIRMED

Appellant, Alvaro Aguilar, appeals the denial of his equitable bill of review seeking to set aside the probate court's order admitting the will of Antonio Aguilar, Sr., to probate as a muniment of title.  We affirm.

## ANALYSIS

Antonio Aguilar, Sr., the father of appellant and appellee, died in March 2010.  Appellee, Jose Maria Aguilar, filed an application to probate his father's will six months after his death. Jose served citation to all interested parties by posting notice.  The will was admitted to probate as a muniment of title by an order signed October 20, 2010.  Seven months later, Alvaro filed his "Equitable Bill of Review to Contest and Set Aside Will," seeking to set aside the order.  In his suit, Alvaro asserted the will was probated without notice to him even though he was residing in

the house that was the subject of the will. Alvaro claimed he was the legal owner of the house and also asserted undue influence, fraud, lack of testamentary intent, and lack of capacity.

A hearing was held on Alvaro's "Equitable Bill of Review to Contest and Set Aside Will." From the outset of the hearing, there was some confusion as to whether Alvaro sought a will contest or an equitable bill of review. At the hearing, Alvaro made clear he was not asserting a statutory bill of review under Probate Code section 31, but instead was asserting an equitable bill of review. Alvaro stated: "I filed it in [sic] equitable bill of review, Your Honor, not a statutory bill [of] review. There's a difference between equitable bill of review and a statutory bill [of] review." The trial court also referred to the proceeding as an equitable bill of review:

> The Court: Does the Court have legal basis to go under this equitable bill of review —
> [Defense counsel]: Fraud, Your Honor.
> The Court: — under — so you're raising the issue of fraud?
> [Defense counsel]: It's in my pleadings, Your Honor.
> The Court: All right. All right. Then I'm going to go ahead and allow him to present his testimony and we'll take it from there.

At the end of the hearing, there again seemed to be confusion regarding the type of proceeding, but Alvaro continued to assert it was an equitable bill of review proceeding:

> The Court: This is equitable bill of review.
> [Defense Counsel]: Based on Probate section 92.[1]
> The Court: Section 93 . . . .

On appeal, although Alvaro mentions a section 93 will contest in his brief, his arguments center on the denial of an equitable bill of review. Because of the confusion at the hearing, we must first determine what type of proceeding Alvaro brought before the trial court.

---

[1] Although Alvaro states his bill of review is "[b]ased on Probate Code section 92," in the context of the discussion it is apparent he misspoke and meant section 93 as the Court immediately repeats his assertion. Also, section 92 has no relevance to the proceedings. SEE TEX. PROB. CODE ANN. § 92 (section titled "Period for Probate Does Not Affect Settlement").

A will contest is filed in the probate proceeding to challenge the validity of a will. Probate Code section 93 pertains to will contests and provides:

> After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that incapacitated persons shall have two years after the removal of their disabilities within which to institute such contest.

TEX. PROB. CODE ANN. § 93 (West 2003).

An equitable bill of review is an independent action brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial or direct appeal.[2] *Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). To obtain relief under an equitable bill of review, the applicant must plead and prove: (1) a meritorious defense to the underlying cause of action, (2) which the applicant was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on its own part. *Id.* However, it is well-established that once a bill-of-review applicant proves the absence of service or lack of notice of the dispositive trial setting, the applicant is relieved of proving the traditional bill-of-review elements and the court should grant the applicant's bill of review. *Id*. at 810 (citing *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988)).

---

[2] The Probate Code provides for a statutory bill of review for probate matters. TEX. PROB. CODE ANN. § 31 ("Any person interested may, by bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein . . . ."). The purpose of a section 31 bill of review is to revise and correct errors, not merely to set aside decisions, orders, or judgments rendered by the probate court. *Nadolney v. Taub*, 116 S.W.3d 273, 278 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The error need not appear on the face of the record; but if it does not, appellant must specifically allege and prove substantial error by the trial court. *Id.* Here, it is clear from the record Alvaro did not assert a statutory bill of review.

Based on our review of the trial court record, we conclude Alvaro presented to the trial court an equitable bill of review, which was denied. Also, on appeal, Alvaro asserts the trial court erred in denying his bill of review because "sufficient evidence was presented showing proof of a meritorious claim which [Alvaro] did not even have to proof [sic] because [Alvaro] was not properly served or given proper notice . . . ." This argument relates to the case law relieving applicant from establishing the traditional elements of an equitable bill of review when there is proof of no service. *See Mabon*, 369 S.W.3d at 812. Therefore, our review is limited to whether the trial court erred in its denial of Alvaro's equitable bill of review. *See Davis v. Campbell*, 572 S.W.2d 660, 662 (Tex. 1978) ("Parties are restricted on appeal to the theory on which the case was tried.").

As stated previously, in an equitable bill of review an applicant must prove a meritorious defense the applicant was prevented from asserting due to fraud or wrongful act of the opposing party, unmixed with any fault on its own part. *See Mabon*, 369 S.W.3d at 812. If the applicant proves lack of service, he need not prove the traditional elements and the bill of review should be granted by the trial court. *Id.* at 810. Here, Alvaro contends he was relieved of establishing all three elements of an equitable bill of review because he was not served with proper notice of appellee's application to probate the will. We disagree.

Alvaro asserts the will was "probated without [personal] notice to him or any of the other heirs in this case knowing that movant was residing in the home subject of this suit . . . ." However, the record demonstrates, and it is conceded by Alvaro, that appellee provided service by posting notice. Probate Code section 128 provides that "[w]hen an application for the probate of a written will produced in court . . . is filed with the clerk, he shall issue a citation to all parties interested in such estate, which citation shall be served by posting . . . ." TEX. PROB. CODE § 128(a). Because section 128 provides that citation shall be served by posting notice, which

was done in this case, Alvaro's argument that he was not properly served because he was not personally served is without merit.[3] Accordingly, Alvaro was not relieved of proving the elements of his equitable bill of review.

As to the second element of his equitable bill of review, Alvaro asserts he proved "a meritorious claim of fraud by appellee, to wit intentionally keeping from appellant the fact that the Application to Probate the Will had been filed. All in violation of appellant's due process right." We have already concluded appellee properly served citation by posting notice as set forth in section 128. Alvaro presented no evidence that appellee prevented him from asserting his claims at the hearing on appellee's application to probate the will by "intentionally keeping from [Alvaro] the fact [that] the Application to Probate the Will had been filed." Accordingly, we conclude Alvaro did not meet the second prong of his equitable bill of review because he did not establish that any fraud, accident, or wrongful act of appellee prevented him from asserting a meritorious claim to the application to probate the will. Therefore, the trial court did not err in denying Alvaro's equitable bill of review.[4]

## CONCLUSION

We conclude the trial court did not err in denying Alvaro's equitable bill of review; therefore, we affirm the trial court's judgment.

Sandee Bryan Marion, Justice

---

[3] We note that Probate Code section 128A requires the personal representative of an estate to serve notice after the will is probated to each beneficiary named in the will by registered or certified mail, return receipt requested. TEX. PROB. CODE ANN. § 128A(b),(f). However, this section is not at issue here.

[4] Because we conclude Alvaro did not establish the second element of his equitable bill of review, we do not address the first or third elements.