JACK CARTER, Justice,
concurring.
Saint’s attorney’s original address was 600 North Pearl Street, Suite 2250. He moved to 700 North Pearl Street, Suite 2150, and gave notice of the change of address to the district clerk’s office. When the clerk sent the notice to dismiss to Saint’s attorney, it was addressed only to 700 North Pearl Street, Dallas, Texas 75201 — the suite number was omitted. Saint’s attorney did not receive that notice. The jury found that Saint’s case was dismissed as the result of official mistake by a court official.
We are advised that 700 North Pearl Street is the physical location for a large building in downtown Dallas which has many floors and many offices. When the attorney moved the second time, he filed a forwarding order with the United States Postal Service, which was in effect during the time the dismissal notice was sent. As a result of the forwarding order, the attorney received mail properly addressed to the 700 North Pearl Street address. But he did not get this notice of dismissal from the district clerk’s office as it was improperly addressed.
The fact that the attorney moved his office a second time did not cause the clerk to improperly omit the suite number. Omitting a suite number for a large office building in a metropolitan area almost guarantees that the mail will not be delivered. Had the attorney still occupied Suite 2150 at 700 North Pearl Street, it is reasonably certain that he would not have received the notice of dismissal addressed only to a person in a tall building in downtown Dallas.
Yet, the jury answered, “No” when asked if Saint’s case was dismissed without negligence on the part of their attorney. To reach this conclusion, the jury must have found that the failure to apprise the clerk’s office of the new address was negligent conduct and that if the clerk’s office had been so advised, the notice would have been sent to the proper new address, even though the office did not correctly send the notice to the address it then had on file.
Giving proper deference to the jury verdict, I am compelled to agree with the result of this case. The jury essentially found that negligent conduct by both the district clerk’s office and Saint’s attorney resulted in Saint’s failure to receive the notice. I concur in the result.[18]

. This case is factually similar to Mabon Ltd. v. Afri-Carib Enterprises, 369 S.W.3d 809 (Tex.2012). There, the attorney was negligent in many respects, but, since the attorney was suspended from practice, his negligence was not imputed to his clients. They were successful in a bill-of-review motion. Id. at 811. It is ironic that the person who hired an attorney who violates professional Rules of Conduct is given a new trial while the one employing an attorney abiding by the professional rules has his case dismissed with prejudice.