**AFFIRM; and Opinion Filed August 21, 2014.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-13-00481-CV

**LAURIE FAYE WALKER, Appellant**
**V.**
**BRAD VINCENT WALKER, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 87,415-422**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice O'Neill

Laurie Faye Walker appeals the trial court's order denying her petition for bill of review to set aside her 2008 divorce decree. Representing herself, appellant brings two issues contending that (1) there were numerous "procedural defects" in the bill of review proceeding and underlying divorce case requiring reversal and (2) the underlying divorce decree was void because the trial court lacked jurisdiction. We affirm.

Appellant and Brad Vincent Walker divorced on December 29, 2008. Appellant was living in Missouri, and appellee was living in Texas. There were no children. Before the divorce was finalized, appellee sent a copy of the divorce decree and a special warranty deed to appellant in Missouri. Appellant signed both documents, had them notarized, and returned them to appellee. Above appellant's signature on the divorce decree, it states, "APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE." Nine days later, the trial court

approved the parties' written agreement "as contained in this decree," made a division of property, and granted the divorce.

Four years later, on December 28, 2012, appellant filed a 34-page petition for bill of review with more than 100 pages of attachments, seeking to vacate the property division in the decree. She alleged she did not receive notice of the dispositive hearing.

At the hearing on her petition, appellant raised three general complaints. First, she complained that appellee refinanced their former marital home but her name remained on the deed, giving her concern that she was liable on the debt. Second, she complained the trial court did not rule on her motion for protective order in the original divorce case, although she acknowledged she had not seen appellee in five years. Third, she asked for a redivision of property because she is disabled.

Appellant testified she did not receive notice of the hearing that resulted in the final decree of divorce. She acknowledged, however, that she read the decree, knew what was in it, signed it, and returned it before the divorce was finalized. Although she said she did so under "duress" from appellee, she acknowledged he was not present and was in another state when she signed. Further, she testified she received a copy of the fully executed decree, signed by both her and appellee, within one week of the judge signing it. She testified she did not file a motion for new trial or take any other post-judgment action to set aside the decree. After hearing the evidence, the trial court denied appellant's petition for bill or review. This appeal ensued.

A bill of review is an equitable proceeding designed to prevent manifest injustice. *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967). It is brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). A bill of review plaintiff must plead and prove (1) a meritorious defense to the underlying cause of action, (2)

which the plaintiff was unable to present by the fraud, accident or wrongful act of the opposite party or official mistake, (3) unmixed with any negligence of her own. *Id.* A bill of review plaintiff claiming lack of notice of a trial setting is relieved of proving the first two elements, but still must prove the third element required in a bill of review proceeding: lack of fault or negligence. *See id.* at 813; *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *Samson v. Colonial County Mut.*, No. 01-11-00203-CV, 2012 WL 1068451, at *1 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, pet. denied) (mem. op.). This element requires a party to show that it diligently pursued all adequate legal remedies or show good cause for failing to exhaust those remedies. *Mabon*, 369 S.W.3d at 813; *Caldwell*, 154 S.W.3d at 604; *Samson*, 2012 WL 1068451, at *1. If the complainant had legal remedies that were ignored, relief by bill of review is unavailable. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999).

Here, the evidence showed that although appellant did not receive notice of the prove-up hearing, she did receive a copy of the fully executed final decree of divorce, signed by her and appellee, within a week of the trial judge signing it. Nevertheless, appellant did not file any post-judgment motions in the trial court or appeal the decree. To the extent appellant asserts she had good cause for failing to file an appeal—fear of her ex-husband—the trial court could have disbelieved her, particularly in light of evidence she and appellant lived in different states at the time of the divorce.

Appellant next asserts the trial court lacked jurisdiction. Here, she complains the trial court improperly ordered the parties to file a joint tax return in violation of federal law.

A claim that a judgment is void because the trial court lacks jurisdictional power to render it constitutes a collateral attack on the underlying judgment. *Narvaez v. Maldonado*, 127 S.W.3d 313, 317 (Tex. App.—Austin 2004, no pet.). In a collateral attack challenging a judgment on the ground that it is void because the trial court lacked jurisdictional power to

render it, the complainant is not required to prove the elements of a bill of review. *Id*. (citing *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985) (op. on reh'g) (per curiam)); *Ferrice v. Legacy Ins. Agency, Inc.*, No. 2-05-363-CV, 2006 WL 1714535, at *2 (Tex. App.—Fort Worth June 22, 2006, pet. denied) (mem. op.). "Jurisdictional power" in the context of a collateral attack is defined as "jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs." *Middleton*, 689 S.W.2d at 213.

The district court had jurisdiction over the divorce suit. *See* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.007(a) (West Supp. 2013); *see also In re Graham*, 971 S.W.2d 56, 58 (Tex. 1998) (orig. proceeding). Even if we assume the trial court was not authorized to include the complained-of provision in the decree, such action would not void the judgment or deprive the court of jurisdiction over the suit. We conclude the trial court did not err in denying appellant's petition for bill of review. We overrule both issues.

We affirm the trial court's order.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

130481F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAURIE FAYE WALKER, Appellant

No. 05-13-00481-CV      V.

BRAD VINCENT WALKER, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 87,415-422.
Opinion delivered by Justice O'Neill;
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the trial court's order denying bill of review is **AFFIRMED**.

It is **ORDERED** that appellee Brad Vincent Walker recover his costs of this appeal from appellant Laurie Faye Walker.

Judgment entered this 21st day of August, 2014.