**AFFIRMED and Opinion Filed April 16, 2020**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-19-00279-CV**

**JETALL COMPANIES, INC., Appellant**
**V.**
**BRYAN P. STEVENS AND HALLETT & PERRIN, P.C., Appellees**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-04336**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Evans
Opinion by Justice Evans

Jetall Companies, Inc. appeals from the trial court's adverse summary judgment in its lawsuit against appellees Bryan P. Stevens and Hallett & Perrin, P.C. Among other things, Jetall contends the trial court erred by granting appellees summary judgment on Jetall's petition for bill of review based on the ground that appellees conclusively negated an element necessary for Jetall to succeed on its bill of review. Based on the record before us, we affirm the trial court's summary judgment.

# BACKGROUND

The parties' underlying dispute involves appellees' legal representation of Jetall in October 2014 as it related to two commercial properties. Jetall first sued appellees in 2016 alleging appellees committed legal malpractice, but that suit was dismissed for want of prosecution by order dated September 13, 2017. In April 2018, Jetall filed a second lawsuit reasserting the 2014 malpractice allegations and, alternatively, presenting a petition for bill of review alleging the September 13 dismissal order on the 2016 lawsuit was sent to the wrong address and Jetall did not learn of the dismissal until almost four months later, on January 4, 2018.

Appellees filed a traditional motion for summary judgment on all claims asserted in the second lawsuit. Appellees asserted Jetall's 2018 malpractice claims were barred by the two-year limitations. Among other grounds, appellees also contended that Jetall's bill of review necessarily failed because the summary judgment evidence conclusively established Jetall had actual notice of the trial court's intent to dismiss the first lawsuit for want of prosecution and did nothing.[1] The trial court granted appellees summary judgment without specifying grounds. This appeal followed.

---

[1] Appellees' motion for summary judgment also raised a ground premised on Jetall's deemed admissions. Two days before the summary judgment hearing, Jetall moved to withdraw the deemed admissions, alleging the paralegal charged with calendaring a response date went on maternity leave the day the requests were served. Jetall further claimed it first learned of the requests when appellees filed their motion for summary judgment. The trial court denied Jetall's motion to withdraw deemed admissions. Although Jetall challenges this ground for summary judgment on appeal, we need not address the issue in light of our disposition based on an alternative ground for summary judgment.

## ANALYSIS

### A. Standard of Review

We review the trial court's summary judgment ruling de novo. *See Provident Life & Acc. Ins. Co., v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The issues on appeal in a traditional motion for summary judgment are whether the movant satisfied its summary judgment burden by establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life*, 128 S.W.3d at 215–16. A defendant is entitled to summary judgment if it conclusively negates an essential element of the plaintiff's case or conclusively establishes all elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). Where, as here, the trial court's order does not set forth the specific grounds for its summary judgment, we are required to affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious.[2] *See Provident Life*, 128 S.W.3d at 216.

### B. Bill of Review

On appeal, Jetall concedes the trial court properly granted summary judgment on its 2018 malpractice claims based on the expiration of the statute of limitations. Accordingly, the complaints before us are limited to the propriety of the trial court's

---

[2] An appellate court may, in the interest of judicial economy, also consider other summary judgment grounds that the movant preserved for review and the trial court did not rule on. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 627 (Tex. 1996).

summary judgment ruling with respect to Jetall's bill of review. Specifically, Jetall contends that appellees did not negate conclusively the negligence/fault element of its bill of review cause of action because Jetall produced summary judgment evidence that it did not receive notice of the trial court's notice of intent to dismiss or the subsequent dismissal order until January 2018.

"A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by motion for new trial." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam); *see also Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999) (per curiam). Ordinarily, relief by bill of review is available only when the petitioner has exercised due diligence to pursue all adequate legal remedies against the prior judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the adverse party. *Id*. at 927. Where a petitioner alleges a due process violation of no notice, it must only show that the judgment was rendered unmixed with any fault or negligence by the petitioner. *See Mabon, Ltd*., 369 S.W.3d 812. However, the failure to receive a sent notice, both of the hearing and of the dismissal, must have been unmixed with the negligence of the bill of review plaintiff. *Saint v. Bledsoe*, 416 S.W.3d 98, 106 (Tex. App.—Texarkana 2013, no pet.).

In the case before us, appellees presented summary judgment evidence indicating that on August 14, 2017 at 10:30 am, Jetall's withdrawing attorney sent

an email to "Ali@jetallcompanies.com; Jetall Administration" and a copy of the email to "lee.k@jetallcompanies.com" explaining the trial court had granted the attorney's motion to withdraw, ordered Jetall to hire counsel by September 6, 2017, and that the case was set for a dismissal on September 11, 2017 at 9:00 a.m. The email also attached a copy of the trial court's August 7, 2017 Notice of Intent to Dismiss, containing the dismissal hearing date and time. This evidence established that Jetall received notice of the trial court's intent to dismiss and was aware of the September 11 hearing. The trial court's September 13, 2017 dismissal order indicates the case was dismissed for the following reasons: "failure to take action after notice of intent to dismiss for want of prosecution" and "dismiss for want of prosecution."

In the trial court and on appeal, Jetall contends that its responsive summary judgment evidence created a fact issue with respect to whether Jetall received the withdrawing attorney's August 14 email and notice of the trial court's intent to dismiss. Specifically, Jetall relies on a three-sentence affidavit by Ali Choudhri denying receipt of the August 14 email along with the affidavit from Paul Simon, a Jetall employee and, ultimately, its successor counsel. In his affidavit, Simon acknowledges he was aware of Jetall's counsel's motion to withdraw in August 2017 and knew it would be granted. Although Simon further indicates he filed a "notice of designation of attorney in charge" on behalf of Jetall, that document has a filing date of October 11, 2017, almost one month after the date of the trial court's

–5–

dismissal order. Nevertheless, Simon's affidavit states he had no knowledge the case was on the dismissal docket or that the case was dismissed until early January 2018 when he had his paralegal called the court to check on the case status. Based on the record before us, we conclude Jetall's summary judgment evidence did not create a fact issue on whether its alleged failure to receive notice of the court's intent to dismiss its 2016 case for want of prosecution was unmixed with any fault or negligence by Jetall. *See Saint*, 416 S.W.3d at 106.

Choudhri's affidavit does nothing more than simply deny receipt of the withdrawing attorney's August 14, 2017 email, providing no explanation as to why he would not have received an email sent to him. Regardless, there is no evidence to controvert receipt of the email and notice by the other Jetall email recipients, namely "Jetall Administration" and "lee.k@jetallcompanies.com." Finally, to the extent Jetall relies on Simon's affidavit to controvert the evidence it had actual knowledge of the trial court's notice of intent to dismiss, we note that Simon admitted he knew as early as August 2017 that Jetall's counsel's motion to withdraw would be granted, yet he did not file his designation of counsel until October 11, 2017 almost one month after the trial court signed the dismissal order and two months after the withdrawing counsel emailed the notice of intent to dismiss to Jetall. Based on the evidence before it, the trial court correctly concluded appellees conclusively established Jetall could not prevail on its bill of review. Jetall's summary judgment evidence did not create a fact issue on Jetall's actual notice nor

did it create a fact issue as to whether the dismissal order was rendered unmixed with any fault or negligence by Jetall.

## CONCLUSION

On the record of this case, we affirm the trial court's summary judgment.


/David Evans/
DAVID EVANS
JUSTICE


190279F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JETALL COMPANIES, INC., Appellant

No. 05-19-00279-CV     V.

BRYAN P. STEVENS AND HALLETT &
PERRIN, P.C., Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-04336.
Opinion delivered by Justice Evans,
Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Bryan P. Stevens and Hallett & Perrin, P.C. recover their
costs of this appeal from appellant Jetall Companies, Inc.

Judgment entered April 16, 2020.