**Dismissed and Memorandum Opinion filed April 30, 2024**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00823-CV

## CANDIDA IBARRA VENEGAS, Appellant

### V.

## MARTIN DE LA CRUZ MEDINA, Appellee

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-14134**

### MEMORANDUM OPINION

The trial court signed a first amended default final decree of divorce on October 18, 2022. No post-judgment motion was filed. Appellant Candida Ibarra Venegas filed an October 30, 2023, notice of appeal from what she claims was a October 17, 2023 denial of her "petition for review," but there is neither a "petition for review" nor an October 17, 2023 order from the trial court in the clerk's record.[1] A notice of appeal must be filed within 30 days after the judgment is

---

[1] The clerk's record does contain a document entitled "Petitioner's Supplement to Petition for Bill of Review," which was filed in the trial court on June 28, 2023 in the same cause number as the divorce proceeding. This appears to relate to a bill of review, which is an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to

signed when appellant has not filed a timely post-judgment motion. *See* Tex. R. App. P. 26.1.

Appellant's notice of appeal from the October 18, 2022 decree was not filed timely. A motion to extend time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion to extend time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997) (construing the predecessor to Rule 26). Appellant's notice of appeal was not filed within the 15-day period provided by Texas Rule of Appellate Procedure 26.3.

On January 18, 2024, notification was transmitted to all parties the appeal was subject to dismissal without further notice for want of subject-matter jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant responded that she is appealing the October 17, 2023 denial of her "petition for review." Because the record does not reflect that a bill of review was filed, appellant's response does not demonstrate that this court has subject-matter jurisdiction over what is in the record, an appeal of the October 18, 2022 decree.

---

challenge by a motion for a new trial or direct appeal. *See Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). We express no opinion regarding the merits of appellant separately filing such a proceeding.

We dismiss the appeal for want of subject-matter jurisdiction.


PER CURIAM


Panel Consists of Justices Bourliot, Zimmerer, and Spain.