**REVERSED AND RENDERED and Opinion Filed August 30, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00252-CV**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE HSI ASSET SECURITIZATION CORPORATION 2006-OPT 3 PASS THROUGH CERTIFICATES, SERIES 2006-OPT3, Appellant**
**V.**
**F&M PROPERTIES, INC. AND STEPHEN CALLENDER, Appellees**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-04419-2020**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

Appellant Deutsche Bank National Trust Company, as Trustee for the HIS Asset Securitization Corporation Trust 200-OPT 3, Mortgage-Pass-Through Certificates, Series 2006-OPT 3, and Appellee Callender filed competing motions for summary judgment below, and the trial court granted Callender's motions. We reverse.

F&M originally filed an action to quiet title against Deutsche Bank in its capacity as a "foreign fiduciary corporation" in 2019, and provided an address for Deutsche Bank it admits deriving from a 2005 instrument filed and recorded in

Collin County in 2010. F&M claimed it sought to serve Deutsche Bank at that address pursuant to the long-arm statute and forwarded citation to the Secretary of State. *See* TEX. CIV. PRAC. & REM. CODE § 17.044. The Secretary returned a *Whitney* certificate indicating that "the PROCESS was returned to this office on July 26, 2019, Bearing the notation, Return to Sender, Not Deliverable as Addressed, Unable to Forward." *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95 (Tex. 1973). F&M later amended its petition, adding for the first time the instrument number under which the Deed of Trust it sued on was recorded. The record does not show F&M served or attempted to serve this amended petition. When Deutsche Bank didn't answer either petition, the trial court granted F&M's requested default judgment in August 2019.

F&M conveyed the property to Business Unlimited 27, LLC, for $10 by a "DEED WITHOUT WARRANTIES" in October 2019. Later that month, Business Unlimited 27 conveyed its interest by "SPECIAL WARRANTY DEED" to Antar Investments LLC, again for $10. Then, in early December 2019, Antar conveyed its interest to Kamal Hantouli by "Special Warranty Deed with Vendor's Lien" for $400,000. And in May 2020, Hantouli convyed his interest to appellee Stephen Callender by "Special Warranty Deed with Vendor's Lien" for $498,750.

Meanwhile, the 429th District Court issued an order permitting Deutsche Bank to foreclose on the Deed of Trust in June 2020, and Deutsche Bank set the property for foreclosure sale the next month. Callender sued to stop the foreclosure

sale, at which time Deutsche Bank says it first learned of the default judgment. Deutsche Bank filed a bill of review in September 2020, but the trial court granted Callender's summary judgment against Deutsche Bank and denied Deutsche Bank's summary judgment.

When faced with competing motions for summary judgment and the trial court grants one motion and denies the other, we determine all issues presented and render the judgment the trial court should have rendered. *See Majgek Partners, LLC v. Mo and Associate, LLC*, No. 05-21-00545-CV, 2022 WL 2236086, at *2 (Tex. App.—Dallas June 22, 2022, no pet.) (mem. op.). Lack of service is the basis for Deutsche Bank's traditional summary judgment motion, meaning the bill of review would be granted if Deutsche Bank proves "absence of service" because it would be relieved of proving the traditional bill of review elements. *See Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). Callender's summary judgment motions rely on the default judgment's validity.

On appeal, Deutsche Bank complains that a recent supreme court case requires reversal for failure of service pursuant to Civil Practice and Remedies Code section 17.028. *See U.S. Bank Nat'l Ass'n as Tr. for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-EFC2 v. Moss*, 644 S.W.3d 130, 137 (Tex. 2022). We agree.

In *Moss*, the supreme court concluded that "section 17.028 is mandatory and provides the exclusive methods of service for financial institutions." *Id.* Coming to

that conclusion, the court assayed the "statutory landscape" and reasoned that "service on the Secretary pursuant to Chapter 505 of the Estates Code does not constitute service on the institution's registered agent as required by section 17.028." *Id*. at 136.

F&M claims it never sought to serve Deutsche Bank pursuant to the Estates Code, seeking service only under 17.044, and thus *Moss* is distinguishable. It also claims Deutsche Bank has no registered agent and maintains no office in Texas, meaning service under section 17.028 is impossible and service is only possible under section 17.044. We are unable to connect the statutory framework in a different way than the supreme court has in *Moss*, and thus must disagree with appellees.

*Moss* plainly states that "section 17.028 is mandatory and provides the exclusive methods of service for financial institutions." 644 S.W.3d at 137. Deutsche Bank is a financial institution for purposes of section 17.028. *See* TEX. FIN. CODE § 201.101(1). For foreign corporate fiduciaries, the Secretary of State is not a "registered agent" as defined in the Business Organizations Code. *Moss*, 644 S.W.3d at 135.

The record here demonstrates that in the original action, F&M sought to serve the Secretary but that it never mentioned section 17.028 below and made no attempt to comply with that section. F&M's petition states, "service of process should be upon the Texas Secretary of State, pursuant to C.P.R.C. Section 17.044. Process

should then be transmitted to Defendant at its home office." Notwithstanding F&M's claim that Deutsche Bank has failed to appoint a registered agent in Texas, *Moss* instructs that the Secretary is not Deutsche Bank's registered agent. *Id.* at 135–36. The record clearly indicates that F&M failed to comply with section 17.028 and the face of the record indicates a lack of service, demonstrating that the default judgment is void. *Id.* at 137; *see Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004). The trial court should have granted Deutsche Bank's summary judgment and granted the bill of review. The court should have denied summary judgment for Callender because all relief Callender sought depends on the validity of the underlying judgment Deutsche Bank challenges by the bill of review.

We reverse the judgment of the trial court in the bill of review and render judgment for Deutsche Bank on its summary judgment motion and against Callender on his summary judgment motions.

/Cory L. Carlyle/

230252f.p05
CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR THE HSI ASSET
SECURITIZATION
CORPORATION 2006-OPT 3 PASS
THROUGH CERTIFICATES,
SERIES 2006-OPT3, Appellant

No. 05-23-00252-CV        V.

F&M PROPERTIES, INC. AND
STEPHEN CALLENDER, Appellees

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-04419-
2020.
Opinion delivered by Justice Carlyle.
Justices Partida-Kipness and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

Deutsche Bank National Trust Company, As Trustee For The Hsi Asset Securitization Corporation 2006-Opt 3 Pass Through Certificates, Series 2006-Opt3's motion for summary judgment on the issue of absence of service and for dismissal of Stephen Callender's claims is **GRANTED** and Stephen Callender's motions for summary judgment are **DENIED**.

It is **ORDERED** that appellant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE HSI ASSET SECURITIZATION CORPORATION 2006-OPT 3 PASS THROUGH CERTIFICATES, SERIES 2006-OPT3 recover its costs of this appeal from appellees F&M PROPERTIES, INC. AND STEPHEN CALLENDER.

Judgment entered this 30th day of August, 2024.