# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00029-CV

---

**Lior Levy, Appellant**

**v.**

**Miguel Lugo, Appellee**

---

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-24-000196, THE HONORABLE LAURIE EISERLOH, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Lior Levy filed a bill of review seeking to overturn a final judgment against him in a personal-injury action. After a hearing, the trial court granted appellee Miguel Lugo's motion for summary judgment. Levy appeals. We will affirm.

### BACKGROUND

This case began in November 2018, when Lugo sued Levy, individually and doing business as the Steamers, after Lugo was injured in an accident by a car allegedly driven by the Steamers' employee. Levy and the Steamers retained counsel, who filed an answer on their behalf generally denying the allegations. Several months later, with the trial court's approval, Levy and the Steamers' counsel withdrew as their attorney based on their "failure to communicate and cooperate." The motion to withdraw included a last-known address for Levy and the Steamers on Anderson Lane in Austin.

Lugo sought discovery from the defendants, including requests for admission as to the essential elements of his claims. Lugo served the discovery on Levy and the Steamers using the Anderson Lane address, but the correspondence was returned as undeliverable. Lugo also served the discovery requests to an Aventura, Florida address that he says was associated with Levy and claims that this correspondence was not returned as undeliverable.[1] After almost a year passed, Levy had not returned the discovery requests, and Lugo moved for summary judgment based on the deemed admissions. His motion attached as evidence the discovery requests, which included a certificate of service for both the Anderson Lane and Aventura, Florida addresses. After a hearing, on March 4, 2022, the trial court granted Lugo's summary-judgment motion and entered a final order in his favor, which awarded $243,023.38, plus interest, for past and present medical expenses, physical pain, mental anguish, loss of earning capacity, and physical impairment. The trial court clerk sent notice of the judgment to Levy and the Steamers' Anderson Lane address, but that correspondence was also returned as undeliverable.

In January 2024, Levy filed his petition for bill of review seeking to vacate the judgment against him. In an attached affidavit, Levy averred that he never received correspondence regarding Lugo's lawsuit after his counsel withdrew, including the discovery requests, summary-judgment motion and hearing notice, and final judgment. Levy agreed that the Anderson Lane address was the business address for the Steamers but maintained that his personal address was on Sabine Street. He also stated that he sold his interest in the Steamers and had since

---

[1] Though the record contains the envelope returned as undeliverable to the Anderson Lane address, there is nothing in the record that indicates the discovery request sent to Florida was delivered.

moved to Florida. Further, Levy maintained that he did not own the vehicle involved in the accident, nor did he or the Steamers employ the driver.

Lugo moved for summary judgment, arguing that Levy cannot satisfy the requirements of a bill of review. He attached as evidence filings from the underlying personal-injury suit, including his petition, Levy and the Steamers' answer, the trial court's order granting the motion to withdraw, the discovery requests, his motion for summary judgment on the deemed admissions and notice of the motion's hearing, and final judgment. Levy also moved for summary judgment, asserting that he had conclusively established that he was not individually liable for Lugo's accident and, through "no fault" of his own, had not received "actual notice" of the discovery requests, summary-judgment motion or hearing, or the final judgment. In an attached affidavit, Levy attested that he was a minority shareholder in the Steamers business, not a sole proprietor, and in January 2020, he had transferred his interest in the company. He maintained that the Anderson Lane address was not "an address for [him] individually" but was "the business address for the Steamers."

After a hearing, the trial court granted Lugo's motion for summary judgment and denied Levy's motion for summary judgment and bill of review. Levy filed a motion for new trial, which was overruled by operation of law, and then appealed.

## LEGAL STANDARDS

We review a trial court's ruling on summary judgment de novo. *Henkel v. Norman,* 441 S.W.3d 249, 250 (Tex. 2014) (per curiam). To succeed on a traditional summary-judgment motion, the "movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Western Invs., Inc. v. Urena,* 162 S.W.3d 547, 550

3

(Tex. 2005). When, as here, the parties file competing motions for summary judgment, "each party bears the burden of establishing that it is entitled to judgment as a matter of law." *Tarr v. Timberwood Park Owners Ass'n*, 556 S.W.3d 274, 278 (Tex. 2018) (quoting *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000)).

A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam) (quoting *Mabon Ltd. v. Afri-Carib Enters.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam)). "Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). A bill of review is proper only if a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment, and at the time the bill of review is filed, there remains no such adequate legal remedy still available because, through no fault of the bill's proponent, fraud, accident, or mistake precludes presentation of a meritorious claim or defense. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). When a bill-of-review plaintiff claims a due-process violation for lack of service or notice, he does not need to plead and prove a meritorious defense; he must establish only his own lack of fault or negligence. *Mabon*, 369 S.W.3d at 812. "The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point." *Chapman*, 118 S.W.3d at 751.

## DISCUSSION

On appeal, Levy argues that the trial court erred in denying the bill of review (1) despite evidence that he was not properly served with notice of the discovery requests,

summary-judgment motion or hearing, and final judgment, (2) because it failed to consider that Lugo's discovery requests in the underlying personal-injury suit were served late under the scheduling order, and (3) without considering his meritorious defense to the underlying claim.[2] Because Levy's bill of review is premised on lack of service or notice, he was required to prove only his own lack of fault or negligence in raising his meritorious defense in the underlying suit. *See Mabon*, 369 S.W.3d at 812. Thus, in reviewing the trial court's final judgment in Lugo's favor, we consider whether the summary-judgment evidence conclusively proves that Levy was at fault or negligent. *See id.*

Parties have a responsibility to keep the court informed of their correct addresses. *See* Tex. Civ. Prac. & Rem. Code § 30.015. Here, however, the summary-judgment evidence was undisputed that Levy had not updated the court of a change to his mailing address. When his residence or business address changed, Levy was required to "provide the clerk of the court with written notice of the party's new address." *Id.* § 30.015(d). The argument that Levy makes regarding the Anderson Lane address as insufficient because it was not his "individual" address is not supported by Section 30.015(a) of the Texas Civil Practice & Remedies Code, which requires parties in civil actions to "provide the clerk of the court with written notice of the party's name and current residence or business address." *Id.* § 30.015(a). And though Levy claims that he "could have easily been located through [his] prior counsel, through the co-defendant or through an internet search," due process requires "notice, reasonably calculated under the circumstances, to be given,"—not actual notice. *Withrow v. Schou*, 13 S.W.3d 37, 40 (Tex. App.—Houston [14th

---

[2] Levy frames his third issue on appeal as an argument that his due-process rights were violated based on judgment entered without proper notice. Because his first issue encompasses the same argument, we consider the two together.

Dist.] 1999, pet. denied) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 82 (1988) and *Walker v. Broadhead*, 828 S.W.2d 278, 280 (Tex. App.—Austin 1992, writ denied)).

The undisputed summary-judgment evidence established that Levy failed to advise the court of his current address. Thus, because the evidence establishes that Levy's own negligence or fault contributed to his failure to present a meritorious defense in the underlying personal-injury suit, Levy failed to satisfy the sole requirement for a bill of review claiming non-service. *See, e.g.*, *Arroyo v. Garza*, No. 13-16-00633-CV, 2018 WL 3583789, at *3 (Tex. App.—Corpus Christi–Edinburg July 26, 2018, pet. denied) (mem. op.) (concluding bill-of-review claimant's failure to correct address with trial court "negligently contributed to her nonservice" and failed to "satisf[y] the sole requirement for a bill of review alleging non-service"); *Jones v. Neill*, No. 05-17-00098-CV, 2018 WL 3017304, at *4–5 (Tex. App.—Dallas June 18, 2018, pet. denied) (mem. op.) (concluding bill-of-review claimant's failure to give court notice of current address made his "alleged lack of notice [] at least partly his own fault"); *cf. Hitt v. Zarauskas*, No. 03-16-00076-CV, 2017 WL 1228893, at *5 & n.27 (Tex. App.—Austin Mar. 29, 2017, no pet.) (mem. op.) (noting that defendant provided uncontroverted proof of "some excuse" for failure to update address with trial court when seeking new trial from post-answer default judgment under *Craddock* standard and contrasting with negligence standard for bill-of-review claimant). The trial court correctly granted summary judgment in Lugo's favor and denied Levy's bill of review.

Because Levy's first issue is dispositive, we do not reach his additional issues on appeal. *See* Tex. R. App. P. 47.1; *Montalvo v. Vela*, No. 13-14-00166-CV, 2016 WL 192063, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 14, 2016, no pet.) (mem. op.) (declining to address bill-of-review claimant's meritorious-defense issue on appeal after concluding summary-judgment evidence established his negligence).

## CONCLUSION

We affirm the trial court's judgment.

_____
Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed:   August 19, 2025