**AFFIRM; Opinion Filed November 29, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00814-CV

**SANDRA L. SIMS, Appellant**
**V.**
**TINA THOMAS AND SIMONE JOHNSON, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-16441**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Schenck

Sandra L. Sims appeals from the trial court's judgment dismissing with prejudice her petition for bill of review. In four issues, Sims challenges the trial court's orders denying her motion for entry of default judgment against appellee Simone Johnson and granting appellee Tina Thomas's no-evidence motion for summary judgment, as well as the trial court's failure to rule on Sims' objections to Thomas' no-evidence motion for summary judgment. We affirm the trial court's judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. 47.2(a), 47.4.

# BACKGROUND[1]

Three sisters, all adults, inherited a house in south Dallas (the Property) from their mother in 2010. The sisters are appellee Thomas, Johnson, and appellant Sims.

Dallas County sued all three sisters for delinquent property taxes. Thomas subsequently filed suit against Johnson and Sims, seeking an order to partition and sell the Property. Sims answered Thomas's suit and filed a counterclaim for reimbursement of property taxes and money she had spent maintaining and improving the Property. The case was tried to the bench in July 2017.

On August 24, 2017, the trial judge signed the final judgment. The judgment granted each sister a one-third interest in the Property and granted Sims $2,500 in reimbursement for improvements to the Property. It also gave Sims thirty days to attempt to negotiate a buy-out with her sisters, absent which the Property would be sold by a receiver. Attempts to negotiate a buy-out failed, and on January 22, 2018, an associate judge signed an order authorizing the receiver to solicit a cash bid on the Property from Thomas and directing the receiver to proceed with the sale.

Sims filed a notice of restricted appeal, in which she stated her intent to appeal both the 2017 judgment and the 2018 order authorizing sale. We dismissed as untimely the portion of the appeal attacking the 2017 judgment and proceeded to

---

[1] The factual and procedural background information in this section is drawn from the clerk's record and our previous opinions related to this case on direct appeal. *See Sims v. Thomas*, No. 05-22-00092-CV, 2022 WL 1210431, at *1 (Tex. App.—Dallas Apr. 25, 2022, no pet.) (mem. op.); *Sims v. Thomas*, 584 S.W.3d 880, 881 (Tex. App.—Dallas 2019, no pet.); *Sims v. Dallas Cty.*, No. 05-18-00712-CV, 2019 WL 2004054, at *1 (Tex. App.—Dallas May 7, 2019, pet. denied) (mem. op.).

address Sims' issues attacking the 2018 order authorizing sale. *See Sims v. Thomas*, 584 S.W.3d 880, 882 (Tex. App.—Dallas 2019, no pet.). We ultimately agreed with Sims that the trial court erred by failing to conduct a hearing on the receiver's application to sell the Property, sustained that issue, reversed the order, and remanded the case for further proceedings. *See id.* at 885.[2]

Sims filed the instant lawsuit seeking a bill of review to vacate the 2017 judgment and the 2018 order authorizing the sale of that same Property. Sims repeated the argument she had made on appeal that no hearing took place before the trial court signed the 2018 order authorizing the sale and argued that the 2017 judgment was rendered against Sims as a result of fraud by Thomas. Sims also argued the trial court lacked any jurisdiction to partition the Property because "in Dallas County, only the probate courts of Dallas can render judgments related to the estates of decedents."

Thomas answered Sims' suit, but Johnson did not. According to Thomas, Sims already appealed the 2017 judgment to this Court and, because she did not raise any jurisdictional issues then, had waived same. Thomas further answered that the probate code authorized the partition of the Property.

Sims filed a motion for default judgment against Johnson, urging that she had been served but had not yet answered.

---

[2] Sims later made a second attempt to appeal the 2017 judgment, but we dismissed that appeal as untimely. *See Sims v. Thomas*, No. 05-22-00092-CV, 2022 WL 1210431, at *1 (Tex. App.—Dallas Apr. 25, 2022, no pet.) (mem. op.).

Thomas filed a no-evidence motion for summary judgment, challenging Sims' evidence of any official mistake or act of fraud, accident or wrongful act of the opposing party, or that Sims was not at fault, or that Sims has a meritorious ground of appeal. Sims filed an amended petition and later a response to Thomas' motion, which included objections to Thomas' motion. After hearing Thomas' motion by submission, the trial court signed an order granting the motion and dismissing with prejudice Sims' petition for bill of review. Thomas filed an objection to the entry of default judgment against Johnson, relying on the trial court's grant of no-evidence summary judgment. After hearing Sims' motion for default judgment by submission, the trial court signed a judgment denying the motion for default judgment, ordering that Sims take nothing from either Thomas or Johnson, and dismissing with prejudice her petition for bill of review.

Sims filed a motion for new trial. That motion was overruled by operation of law, and this appeal followed.[3]

**DISCUSSION**

## I. Sims Failed to Produce Sufficient Evidence to Defeat Summary Judgment

In her first issue, Sims challenges the trial court's grant of Thomas' no-evidence motion for summary judgment. She urges she produced sufficient evidence

---

[3] Sims filed her appellant's brief, but no other party filed a brief in this case. Nor is any appellee's brief required in order for this appeal to be determined. *See King Aerospace, Inc. v. King*, No. 05-19-00245-CV, 2020 WL 2079177, at *3 n.3 (Tex. App.—Dallas Apr. 30, 2020, no pet.) (mem. op.).

to support her petition for bill of review and that Thomas failed to object to any of that evidence.

We review a trial court's granting of summary judgment de novo. *Arana v. Figueroa*, 559 S.W.3d 623, 627 (Tex. App.—Dallas 2018, no pet.) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). No-evidence summary judgments are reviewed under the same legal sufficiency standard as directed verdicts. *Id.* The nonmovant must present evidence that raises a genuine issue of material fact on the challenged elements of the claim. TEX. R. CIV. P. 166a(i); *see id.* (citing *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)). A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Arana*, 559 S.W.3d at 627 (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)).

A bill of review is an equitable proceeding to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial, direct appeal, or restricted appeal. *See Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). Ordinarily, a bill-of-review plaintiff must plead and prove: "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiff[ ] [was] prevented from making by the fraud, accident, or wrongful act of the opposing party

or official mistake, (3) unmixed with any fault or negligence on [its] own part." *Id.* But when a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above. *Id.* The third element, lack of negligence, is conclusively established if the bill-of-review plaintiff can prove it was never served with process. *Id.*

Sims' amended petition alleged the trial court in the underlying suit lacked jurisdiction because it was a matter related to a decedent's estate over which probate courts in Dallas County have exclusive jurisdiction, Thomas lacked standing to bring the underlying suit because she was not named as heir to the estate, and her due-process rights were violated when the trial court failed to conduct a hearing or provide Sims notice of any hearing on the sale of the Property. The petition also alleged various acts of fraud or official mistake, particularly that Thomas misrepresented the ownership of the Property, that their parents died intestate, and that ownership of the Property had not been conferred on Thomas or her and Sims' siblings.

In her motion for summary judgment, Thomas asserted there was no evidence to support Sims' allegations of an official mistake or act of fraud, accident or wrongful act of the opposing party, Sims' lack of fault, or a meritorious ground of defense. In her response, Sims provided evidence that she urges, at a minimum, raises a fact issue regarding each element of a bill of review.

### A. Lack of Service of Process

Because Sims alleged in her petition a due process violation for no service or notice, if she provided evidence of same, she would then be relieved of proving the first two elements of the bill of review. *Mabon Ltd.*, 369 S.W.3d at 812. And, if she offered evidence she was never served with process, that evidence would satisfy the third element, lack of negligence. *Id.* But, in her response to Thomas' motion, she did not offer evidence to support her allegation that she did not receive notice before the trial court "rendered a judgment against plaintiff." Indeed, it appears that what Sims complains of in her petition is the same error she complained of in her earlier restricted appeal, that the trial court erroneously failed to conduct a hearing on the receiver's application to sell the Property. *See Sims v. Thomas*, 584 S.W.3d 880, 885 (Tex. App.—Dallas 2019, no pet.) (sustaining Sims' challenge on restricted appeal to order authorizing sale of Property). She is not complaining, nor did she offer any evidence, about any lack of notice regarding the lawsuit or the trial that resulted in the underlying judgment. Nor could she. *See id.* at 881–82 (reciting facts of underlying trial and noting Sims was one of the three witnesses at trial).

Accordingly, we review the remainder of Sims' evidence to determine whether she offered evidence on all three elements. *See Mabon Ltd.*, 369 S.W.3d at 812.

### B. Meritorious Defense

Sims urges she offered evidence of a meritorious defense to the underlying cause of action, particularly that the trial court lacked subject matter jurisdiction over the lawsuit and that the parties did not have standing to seek partition of the Property. She offered as evidence a special warranty deed conveying the Property to Sims' and Thomas' parents in 1966 and an affidavit of heirship signed by Sims in 2012 in which she identifies herself, Thomas, and Johnson as her mother's heirs and further attests that her father predeceased her mother. Sims argues this evidence—along with lack of evidence that she, Thomas, or Johnson owned the Property—creates at least a fact issue as to whether her parents' estate, including the Property, had been probated such that Thomas, Johnson, or Sims had any ownership of the Property and therefore standing to partition it. However, this evidence constitutes no evidence that the estate had not been probated or otherwise settled upon one or more of the parties in the years between the decedent's death in 2010 and the trial on the partition of the Property in 2017.

### C. Fraud, Accident, or Wrongful Act of the Opposing Party or Official Mistake

Even if the foregoing evidence were sufficient to raise a fact issue regarding a meritorious defense, Sims failed to offer evidence to raise a fact issue regarding fraud, accident, or wrongful act of the opposing party or official mistake. She offered the underlying trial transcript as evidence that Thomas never introduced the "existing deed into evidence or called a disinterested witness to determine the heirs

of both Lawrence and Juanita Sims." However, we construe that argument to be a challenge to the sufficiency of the evidence and the argument that Thomas offered or prevailed with insufficient evidence does not raise a fact issue regarding whether the judgment in the underlying lawsuit was the product of any fraud, accident, or wrongful act by an opposing party or official mistake so as to subject it to attack by bill of review.

We overrule Sims' first issue.

## II. Trial Court Did Not Err By Overruling Sims' Objections to Thomas' Motion

In her second issue, Sims challenges the trial court's failure to rule on her objections to Thomas' no-evidence motion for summary judgment. In her response to Thomas' motion, Sims raised the following objections: (1) Thomas' motion was filed before the end of the discovery period; (2) Sims amended her petition after Thomas' motion was filed, and Thomas' motion does not address those amendments; (3) Thomas' motion was conclusory; and (4) Thomas' motion is an improper, global challenge to Sims' petition instead of proper special exceptions.

Sims filed her original petition for bill of review on November 3, 2020, along with discovery requests pursuant to Texas Rule of Civil Procedure 190.3. The discovery period began when the first initial disclosures were due through the earlier of 30 days before the date set for trial or nine months after the first initial disclosures were due. *See* TEX. R. CIV. P. 190.3(b). Thomas filed her answer on November 11, 2020, such that her initial disclosures were due on December 11, 2020. *See id.*

–9–

194.2(a).  The record reflects the case was set for trial on July 26, 2021.  Thirty days before the trial date would have been June 26, 2021, and nine months after the first initial disclosures were due would have been September 11, 2021.  Thus, the discovery period ended June 26, 2021.  Thomas filed her no-evidence motion for summary judgment on March 18, 2021.

The rules of civil procedure provide that "after *adequate* time for discovery," a party may move for summary judgment.  *See* TEX. R. CIV. P. 166a(i) (emphasis added).  The rule's use of "adequate" rather than "ended" or "exhausted" is not accidental.  *See In re Silver*, 540 S.W.3d 530, 538 (Tex. 2018) (when interpreting rule, courts presume every word was used with a purpose in mind).  This Court has thus refused to read into the rule a bright-line requirement that the discovery period be completed before a no-evidence motion for summary judgment can be filed.  *See Dobrushkin v. Davenport Meadows, LP*, No. 05-12-01285-CV, 2013 WL 5948023, at *1 (Tex. App.—Dallas Nov. 5, 2013, no pet.) (mem. op.) (citing *Dishner v. Huitt–Zollars, Inc.*, 162 S.W.3d 370, 376 (Tex. App.—Dallas 2006, no pet.)). We have stressed, instead, that whether a nonmovant has had adequate time for discovery under the rules of civil procedure is case specific.  *See id.* (citing *Rest. Teams Int'l., Inc. v. MG Secs. Corp.,* 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.)).

Although Sims objected to the timing of Thomas' motion in her response, she did not file any affidavit explaining the need for further discovery or a verified motion for continuance.  *See, e.g., id.* (appellant failed to file affidavit explaining

–10–

need for further discovery for verified motion for continuance). Accordingly, she did not preserve her complaint that the no-evidence summary judgment was premature. *See id.*

Sims also objected that Thomas' motion did not address the amendments Sims made to her petition, which she urged in her response in the trial court provided evidence of every challenged element of Sims' petition for bill of review.[4] The record reflects Sims amended her petition after Thomas filed her no-evidence motion for summary judgment, but the record does not reflect that Sims attached to her amended petition any evidence. And, in order to defeat Thomas' motion, Sims must have produced summary judgment *evidence* raising a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i).

We construe Sims' third and fourth objections to Thomas' motion to challenge the sufficiency of the motion. In her response, Sims urged Thomas' motion did not challenge specific elements of Sims' cause of action and that it failed to identify a particular defect in Sims' pleadings. Indeed, a no-evidence motion that only generally challenges the sufficiency of the nonmovant's case and fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law. *See De La Cruz v. Kailer*, 526 S.W.3d 588, 593 (Tex. App.—Dallas 2017, pet.

---

[4] Sims does not argue on appeal, nor did she argument to the trial court, that her amended petition raised any new claims not asserted in her original petition. But, even had she made such an argument, the no-evidence motion was sufficiently broad to address all Sims' claims in her amended petition.

–11–

denied) (citing *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas

2013, pet. denied) (en banc)).

In her motion, Thomas set forth the elements necessary to prevail on a bill of

review:

> 1. A failure to file a motion for new trial or a failure to advance an appeal,
>
> 2. caused by the fraud, accident or wrongful act of the opposing party or by an official mistake,
>
> 3. unmixed with any fault or negligence of their own; and,
>
> 4. [a] meritorious ground of appeal (prima facie proof only).[5]

She then asserted Sims had "presented no evidence in support of an official mistake

or act of fraud, accident or wrongful act of the opposing party, or Plaintiff was not

at fault, or a meritorious ground of appeal."  Thus, Thomas' motion challenged

sufficiency of the evidence of the last three elements necessary to prevail on a bill

of review.  We conclude Thomas' motion was sufficient as a matter of law to give

Sims notice of which elements Thomas contended Sims lacked supporting evidence

to support.  *Compare Kailer*, 526 S.W.3d at 594 (holding motion sufficient where it

set out elements of claim and alleged nonmovant "cannot provide sufficient evidence

to sustain each and every element") *with Alfaro*, 418 S.W.3d at 284–85 (holding

motion insufficient where it listed elements of claim and alleged nonmovants had no

evidence to support "one or more" of elements).

---

[5] By asserting a lack of prima facie evidence of meritorious appeal, we presume Thomas intended to allege Sims lacked evidence of any meritorious defense. *See Mabon Ltd.*, 369 S.W.3d at 812.

–12–

**III.** **Trial Court Did Not Err By Denying Sims' Motion for Default Judgment against Johnson**

In her third and fourth issues, Sims argues the trial court erred by sustaining Thomas' objection to Sims' motion for default judgment against Johnson and by denying Sims' motion for entry of default judgment against Johnson. Sims urges both were erroneous because Johnson was served but did not answer.

As noted above, Sims requested the trial court enter default judgment against Johnson after she failed to file an answer nearly two months after Sims filed her petition. After the trial court granted her motion for summary judgment, Thomas filed her objection to entry of default judgment against Johnson, urging that, since the trial court had found no evidence to support Sims' claims against Thomas, no evidence could support her claims against Johnson.

We may consider the trial court's denial of a motion for default judgment when, as here, the denial is challenged in an appeal from a final judgment or order. *See Crown Asset Mgmt., L.L.C. v. Loring*, 294 S.W.3d 841, 843 (Tex. App.—Dallas 2009, pet. denied). We review the denial of a default judgment for abuse of discretion. *Harris N.A. v. Obregon*, No. 05-07-01647-CV, 2009 WL 4263815, at *2 (Tex. App.—Dallas Dec. 1, 2009, no pet.) (mem. op.).

With respect to factual matters, a trial court abuses its discretion if the record shows it reasonably could have reached only one decision and it failed to do so. *Id.* However, because a trial court has no discretion in determining what the law is or applying the law to the facts, a clear failure by the trial court to analyze or apply the

law correctly will constitute an abuse of discretion. *Id.* (citing *Moroch v. Collins*, 174 S.W.3d 849, 864-65 (Tex. App.—Dallas 2005, pet. denied) (citations omitted)). Another way of stating the test is whether the act was arbitrary or unreasonable. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985)).

Here, the trial court had already granted summary judgment against Sims on her claims against Thomas, which are indistinguishable from Sims' claims against Johnson. Thus, denying Sims' motion for default judgment was neither arbitrary nor unreasonable. Accordingly, we overrule Sims' fourth issue.

As for her third issue challenging the implied ruling on Thomas' objection, the trial court's order denying default judgment did not include any findings in support of the order or any ruling on Thomas' objection. But, even if the order denying Sims' motion for entry of default judgment and dismissing her bill of review could be construed to sustain Thomas' objection, we cannot conclude such a ruling was in error or resulted in the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). Accordingly, we overrule Sims' third issue.

## CONCLUSION

We affirm the trial court's order denying entry of default judgment against Johnson and judgment granting Thomas' no-evidence for summary judgment and dismissing Sims' petition for bill of review against Thomas and Johnson.

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

210814F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SANDRA L. SIMS, Appellant

No. 05-21-00814-CV      V.

TINA THOMAS AND SIMONE
JOHNSON, Appellees

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-16441.
Opinion delivered by Justice
Schenck. Justices Reichek and
Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees TINA THOMAS AND SIMONE JOHNSON recover their costs of this appeal and the full amount of the trial court's judgment from appellant SANDRA L. SIMS and from Rickie Hamilton, as surety located at 2917 Lenway Street Dallas, Texas 75215, and Jason O'Neal, as surety located at 3552 Keyridge Drive, Dallas, Texas 75241, on appellant's supersedeas bond.

Judgment entered this 29th day of November 2022.