

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00686-CV

Juan **NAVA**,
Appellant

v.

William **SCHMIDT**,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 22181B
Honorable Rex Emerson, Judge Presiding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: October 25, 2023

REVERSED AND REMANDED

This is an appeal from the trial court's order denying Appellant Juan Nava's bill of review. Nava's petition asserts he did not receive notice of the order dismissing his personal injury suit until three months after the order was signed. He insists he produced prima facie evidence of no notice at the preliminary *Baker* hearing, and the trial court erred by denying his petition. We agree.

---

[1] The Honorable M. Patrick Maguire is the presiding judge of the 198th Judicial District Court. The Honorable Rex Emerson, the previous presiding judge for the 198th Judicial District Court, signed the order at issue in this appeal.

The material facts regarding lack of notice were disputed. Accordingly, the trial court was required to dispense with the *Baker* hearing and, after giving the required notice, hold a trial on the alleged lack of notice. Because it did not, we reverse the trial court's order, and we remand this cause for a trial on Nava's bill of review claim of lack of notice.

## BACKGROUND

In May 2020, Juan Nava sued Appellee William Schmidt for injuries Nava allegedly sustained when Schmidt's vehicle struck a parked trailer Nava was standing on. Schmidt answered, and the parties engaged in some discovery.

### A. Case Dismissed

On November 3, 2021, the case was set on the dismissal docket, and notice of the dismissal hearing was sent by e-mail to Nava's attorney and by first class mail to Nava. On December 1, 2021, neither Nava nor his attorney appeared at the dismissal hearing, and the trial court signed the order dismissing Nava's case for want of prosecution. The court clerk e-mailed a copy of the dismissal order to Nava's attorney and mailed a copy to Nava, but the notice to Nava was returned as undeliverable.

### B. Petition for Bill of Review

According to Nava, when his counsel called the clerk's office on March 8, 2022, to check on the trial schedule, that was the first time he learned that his case had been dismissed. Nava filed his verified motion to reinstate on March 11, 2022, and he filed his original petition for bill of review on March 24, 2022.

### C. Bill of Review Hearing

On August 3, 2022, the trial court signed an "Order Setting Hearing on Plaintiff's Bill of Review," which set the hearing for September 12, 2022. About two hours before the hearing, Schmidt filed his "Opposition to Plaintiff Juan Nava's Bill of Review."

At the hearing, the trial court called the case: "Court will call Cause No. 22-181B, Nava versus Schmidt. For purposes of a Bill of Review, what say the parties?"

Nava began by asking the trial court "to take judicial notice of the contents of the file as well as the contents of the underlying file in the underlying case." Schmidt objected without stating a reason, and the trial court sustained the objection. Subsequently, the attorneys for Nava and Schmidt presented their arguments.

### 1. *Nava's Arguments*

Nava's counsel stated that the basis for his bill of review was official mistake. He argued that neither he nor Nava timely received notice of the dismissal hearing or the dismissal order. Counsel referred to Nava's petition's attachments which included, inter alia, counsel's affidavit and three e-mails.

Counsel's affidavit avers the following facts relating to lack of notice, which counsel repeated at the hearing. He went to the district clerk's office in Kerr County and talked with the clerk about the e-mail notices. The district clerk discovered e-mails from the clerk's office mail delivery system showing that the e-mails she sent to give him notice of the dismissal hearing and the dismissal order were returned as undeliverable. The two November 4, 2021 e-mails and the one December 3, 2021 e-mail from the court's mail delivery system, which showed that the attempted deliveries of e-mail notices to Nava's counsel had failed, were also attached to Nava's petition.

Nava's counsel concluded by "asking the Court to find that [Nava] does have a meritorious claim of action for official mistake and allow us to proceed forward with the Bill of Review."

### 2. *Schmidt's Arguments*

Schmidt objected to the evidence attached to Nava's petition. He argued it was Nava's burden to present prima facie proof of each bill of review element, and Nava had not done so.

Schmidt also argued that "this is not a case of official mistake," and he defended the clerk's actions. He noted that the clerk had sent the e-mails to the addresses provided by Nava's counsel, and he asked "[w]here is the evidence Mr. Nava didn't receive notice of [the dismissal] hearing?" Schmidt opined that "I think here are serious questions about whether or not [the court clerk] committed official mistake, because I don't think she did."

### 3. Trial Court's Ruling

At the conclusion of the bill of review hearing, the trial court stated it was "going to find insufficient evidence to grant the Bill of Review and will deny the same." In its September 12, 2022 "Order Denying Plaintiff Juan Nava's Bill of Review," the trial court stated it "sustains the evidentiary objections of Schmidt, strikes the attached evidence of Nava, **DENIES** Nava's request to overturn the December 1, 2021 order dismissing for want of prosecution cause number 20289B, and **DISMISSES** with prejudice the Bill of Review proceeding in cause number 22181B."

## D. Nava Appeals

Nava timely filed a notice of appeal. He argues that he met his burden to present prima facie evidence of lack of notice, he was entitled to a jury trial on whether he received notice, and the trial court erred by striking his evidence and denying his petition.

Schmidt argues that Nava failed to establish a meritorious ground of appeal because the record shows the district clerk fully complied with her requirements, the trial court properly struck Nava's evidence, and the trial court did not err.[2]

---

[2] After the briefs were filed, Nava caused a supplemental clerk's record to be filed. *See* TEX. R. APP. P. 34.5(c). The supplemental record contains documents from Nava's personal injury case, cause number 20289B in the 198th Judicial District Court. Schmidt moved to strike the supplemental record; he argues it contains documents that were not before the trial court in the bill of review trial. To decide this appeal, we did not need to—and we did not—consider the contents of the supplemental clerk's record.

**BILL OF REVIEW PROCEDURE**

Before we address the parties' arguments, we briefly review the applicable law pertaining to a bill of review.

**A.      Equitable Proceeding**

"A bill of review is an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial or direct appeal." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam); *accord Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979).

The bill of review plaintiff "invoke[s] the equitable powers of the court [by filing] a petition [which] must allege factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence." *Baker*, 582 S.W.2d at 408.

For the court to exercise its equitable power and grant the bill of review,

> [b]ill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part.

*Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam) (citing *Baker*, 582 S.W.2d at 406–08).

**B.      No-Notice Pretrial Procedure**

But if a bill of review plaintiff asserts it received no notice of a trial setting or a dispositive hearing, the bill of review procedure changes. *Mabon Ltd.*, 369 S.W.3d at 812 (citing *Caldwell*, 154 S.W.3d at 96–97). "When a plaintiff claims lack of [notice], the trial court should: (1) dispense with any pretrial inquiry into a meritorious defense, [and] (2) hold a trial, at which the bill of review plaintiff assumes the burden of proving that the plaintiff [had no timely notice of the trial

setting or a dispositive hearing]." *Caldwell*, 154 S.W.3d at 97; *see Mabon Ltd.*, 369 S.W.3d at 812–13 (recognizing that due process is violated for lack of either (1) service or (2) notice of the trial setting or a dispositive hearing and applying the bill of review procedure for lack of service to a lack of notice).

"[P]roof of non-service can establish a prima facie case, and such proof would entitle a petitioner to a trial if the parties dispute material facts." *Joseph v. Jack*, 624 S.W.3d 1, 7 (Tex. App.—Houston [1st Dist.] 2021, no pet.) ("Because proof of non-service conclusively negates a plaintiff's fault or negligence, then, the question of service is properly resolved at trial and not by the trial court in a pretrial proceeding if the material facts are disputed." (quoting *Caldwell*, 154 S.W.3d at 97)).

### C.     No-Notice Trial Procedure

At the trial, the bill of review plaintiff must still "prove[] that (1) it had no notice of the trial setting or the default judgment within an adequate time to pursue alternative legal remedies, and (2) the lack of notice was not because of its own fault or negligence." *Mabon Ltd.*, 369 S.W.3d at 813; *see Caldwell*, 154 S.W.3d at 97–98; *Labra v. Labra*, No. 04-13-00285-CV, 2014 WL 3611551, at *3 (Tex. App.—San Antonio July 23, 2014, no pet.) (mem. op.).

Generally, the bill of review plaintiff can conclusively negate its own negligence if it proves it had no notice of the dispositive trial setting. *Mabon Ltd.*, 369 S.W.3d at 812–13 (citing *Caldwell*, 154 S.W.3d at 97). For example, if the bill of review plaintiff proves it did not receive notice and it was not "negligent in its failure to receive notice of the trial setting or default judgment," *see Mabon Ltd.*, 369 S.W.3d at 813, it is excused from proving the first two elements, *Caldwell*, 154 S.W.3d at 96–97, and the bill of review should be granted, *Mabon Ltd.*, 369 S.W.3d at 813; *Caldwell*, 154 S.W.3d at 97–98. Granting the bill of review "allow[s] the parties to revert

to their original status as plaintiff and defendant with the burden on the original plaintiff to prove his or her case." *Caldwell*, 154 S.W.3d at 97–98; *see Mabon Ltd.*, 369 S.W.3d at 812–13.

But if the factfinder at the bill of review trial finds that the bill of review plaintiff's negligence prevented it from receiving service, the trial court may deny the petition. *See Mabon Ltd.*, 369 S.W.3d at 812 (noting that *Campus Investments* affirmed the trial court's denial of the petitioner's bill of review even though the petitioner had not received substituted service from the Secretary of State because "[the petitioner] had failed to update addresses for its registered agent and registered office" (quoting *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam))); *Labra*, 2014 WL 3611551, at *5 (citing *Campus Invs.*, 144 S.W.3d at 466) (affirming the trial court's denial of the ex-wife's petition after a bench trial on the merits because the trial court could have concluded that the ex-wife's testimony that she "intentionally did not provide [her ex-husband] or the district clerk with her contact information" had the effect of "actively preventing [her ex-husband] from making contact with her [in the divorce proceeding], including providing notice of a court setting").

## STANDARD OF REVIEW

Determining "whether the trial court properly applied the law to the facts is a question of law for the appellate courts to decide." *State v. $217,590.00 in U.S. Currency*, 18 S.W.3d 631, 632 (Tex. 2000); *see also Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 672 (Tex. 2004) (noting that "the issue of which state's law applies is a question of law"). "Appellate courts review legal determinations de novo." *Reliance Nat. Indem. Co. v. Advance'd Temps., Inc.*, 227 S.W.3d 46, 50 (Tex. 2007); *accord Lapray*, 135 S.W.3d at 672.

**PROCEDURE FOR LACK OF NOTICE**

On appeal, Nava argues that the trial court erred by dismissing his bill of review because he presented prima facie proof that he did not receive notice of the dismissal hearing or the dismissal order, and he was entitled to have a jury decide the notice question.

Schmidt argues that Nava failed to establish a meritorious ground of appeal because the district clerk fully complied with her requirements and, if Nava failed to receive the notices, it was due to his own fault or negligence.

To determine whether the trial court erred, we must first determine what procedure applies and then consider whether the trial court followed it. *See $217,590.00 in U.S. Currency*, 18 S.W.3d at 632. We begin with the applicable bill of review procedure.

### A. Petition Claims Lack of Notice

Nava's petition, filed by his attorney David J. Hatcher, claimed Nava did not timely receive electronic or first-class mail notice of the dismissal hearing or dismissal order. *See* TEX. R. CIV. P. 165a (requiring notice, as provided in Rule 306a, to parties and attorneys of a dismissal hearing or order); *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam) (noting that a bill of review allows the trial court to consider extrinsic evidence pertaining to an alleged lack of notice). It alleged facts to show his failure to timely file a motion for new trial or notice of appeal was not due to his fault or negligence. *Cf. Baker*, 582 S.W.2d at 408 (requiring the petition to "allege factually and with particularity" the grounds to support the petition).

Nava's petition included three e-mails from the clerk's office mail delivery system showing that the e-mails the clerk sent to Nava's counsel to give them notice of the dismissal hearing and the dismissal order were returned as undeliverable.

Hatcher's affidavit, attached to the petition, averred that neither Nava nor Hatcher received notice of the dismissal hearing or the dismissal order until March 8, 2022, when Hatcher called the

court to check the trial schedule. Hatcher averred that, when he went to the district clerk's office, the clerk discovered e-mails from the clerk's office mail delivery system showing that the e-mails she sent to give him notice of the dismissal hearing and the dismissal order were returned as undeliverable.

Nava's petition claimed that the undelivered mail message notices sent to the district clerk confirmed that he did not timely receive the required notice.

We conclude that Nava's petition met the requirement to "allege factually and with particularity" that he did not receive the required notices. *See Baker*, 582 S.W.2d at 408; *Joseph*, 624 S.W.3d at 7.

### B.     Opposition to Petition

In Schmidt's written opposition to Nava's bill of review, Schmidt contended that the trial court's records conclusively prove that Hatcher had been served with both notices via e-mail. Schmidt also noted that the trial court clerk had mailed a paper copy of the notice of the dismissal hearing to Nava's mailing address.

The parties' pleadings conclusively establish that the material facts regarding lack of notice were disputed. *Cf. Caldwell*, 154 S.W.3d at 97 (specifying the applicable procedure for alleged lack of service "if the material facts are disputed").

### C.     Hearing Arguments Show Lack of Notice Disputed

At the hearing on Nava's petition, the parties' arguments followed their respective pleadings: they continued their dispute over whether Nava or his counsel had timely received notice of the dismissal hearing and the dismissal order. Nava argued that he had no notice, and Schmidt argued that he did.

The parties' arguments also conclusively establish that the material facts regarding lack of notice were disputed. *Cf. id.*

**D.** **Applicable Procedure**

In this case, Nava has claimed lack of notice and the material facts pertaining to notice are disputed; thus, "the question of [notice] is properly resolved at trial and not by the trial court in a pretrial proceeding." *See id.*

Accordingly, the appropriate procedure was for the trial court to (1) dispense with any pretrial inquiry into Nava's meritorious ground of appeal and (2) hold a trial to resolve the disputed facts regarding Nava's alleged lack of timely notice. *See id.* at 97–98 (summarizing the no-notice procedure); *see also Mabon Ltd.*, 369 S.W.3d at 812–13 (recognizing that due process is violated for lack of either (1) service or (2) notice of the trial setting or a dispositive hearing and applying the bill of review procedure for lack of service to lack of notice).

### NATURE OF BILL OF REVIEW HEARING

Having determined the appropriate procedure for this case, we review the procedure that the trial court used. We begin by considering the nature of the September 12, 2022 hearing. *Cf. Boateng v. Trailblazer Health Enters.*, 171 S.W.3d 481, 488 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (examining the record to determine the nature of a hearing).

**A.** **Clerk's Record**

The Civil Docket Sheet in the clerk's record was created the day Nava filed his original petition; it has a single entry: "9/12/22 Bill of Review by [Plaintiff] – Denied."

On the district clerk's website,[3] the "Events & Orders of the Court" for case number 22181B shows neither party requested a trial setting.[4] *See* KERR COUNTY CIVIL RECORDS SEARCH, http://courts.co.kerr.tx.us/CaseManagement/PublicAccess/Search.aspx?ID=100 (enter case number "22181B" and select "Search"; then follow the case number hyperlink) (last visited Oct. 17, 2023).

The trial court's August 3, 2022 order set a hearing on Nava's bill of review: "IT IS ORDERED that a hearing on Plaintiff JUAN NAVA's bill of review is hereby set on the 12[th] day of September, 2022, 11:00 AM, in the 198th District Court of Kerr County, Texas." The order did not give the parties the minimum forty-five days' notice for a trial setting. *See* TEX. R. CIV. P. 245 (requiring "reasonable notice of not less than forty-five days to the parties of a first setting for trial"); *In re RPH Capital Partners*, No. 04-16-00424-CV, 2017 WL 2561562, at \*2 (Tex. App.—San Antonio June 14, 2017, orig. proceeding) (op. on reh'g) ("The forty-five day notice provision of Rule 245 is mandatory.").

The clerk's record also shows Schmidt's written opposition to Nava's bill of review was filed about two hours before the hearing.

---

[3] "An appellate court has the power to take judicial notice for the first time on appeal of adjudicative facts that are matters of public record and not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Alsobrook v. MTGLQ Inv'rs, LP*, 657 S.W.3d 327, 329 (Tex. App.—Dallas 2021), *review granted*, *decision aff'd as modified*, 656 S.W.3d 394 (Tex. 2022); *accord In re Johnson*, 599 S.W.3d 311, 312 (Tex. App.—Dallas 2020, orig. proceeding) (taking "judicial notice of the trial court's online docket sheets" in particular cause numbers); *see* TEX. R. EVID. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[4] We recognize the limited use a docket sheet serves on appeal. *See Barnes v. Deadrick*, 464 S.W.3d 48, 53 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (recognizing that "a docket-sheet entry is generally considered insufficient to constitute a judgment or decree of the court . . . [and] cannot contradict, overrule, or take the place of a written order or judgment"). Nevertheless, a docket sheet entry may be some evidence that an event or action occurred on a particular date. *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). On the other hand, in a bill of review proceeding in the trial court, it may consider whether the absence of an entry is some evidence that the event or action did not occur. *Cf. Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009) (per curiam) (noting that, for purposes of a restricted appeal, "the absence of proof in the record that notice was provided does not establish error on the face of the record," but also noting that "[w]hen extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence").

The trial court's order denying Nava's bill of review "sustains the evidentiary objections of Schmidt, strikes the attached evidence of Nava, **DENIES** Nava's request to overturn the December 1, 2021 order dismissing for want of prosecution cause number 20289B, and **DISMISSES** with prejudice the Bill of Review proceeding in cause number 22181B."

### B.   Reporter's Record

As the hearing opened, the trial court called the case: "Nava versus Schmidt.  For purposes of a Bill of Review, what say the parties?"  The parties announced ready, without further comment.

The trial court did not advise the parties that it had already made a determination of Nava's prima facie proof on the pleadings alone.  *Cf. Ortmann v. Ortmann*, 999 S.W.2d 85, 88 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (opining that a pretrial determination of prima facie evidence does not require a hearing).

The trial court did not call for opening statements, ask about witnesses, discuss exhibits to be offered, or otherwise state or indicate this was the beginning of a trial on the merits.  *Cf. Pope v. Perrault*, No. 01-21-00648-CV, 2023 WL 4003516, at *7 (Tex. App.—Houston [1st Dist.] June 15, 2023, no pet.) (mem. op.) (noting that "the trial court 'did not conduct the [de novo] hearing in accordance with the usual order of proceedings for a trial, which begins with the parties making opening statements followed by the introduction of evidence by the party "upon whom rests the burden of proof on the whole case"'" (quoting *Barnes v. Deadrick*, 464 S.W.3d 48, 53 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (alteration in original))); *see generally* TEX. R. CIV. P. 265 (civil trial procedures).

Neither side called witnesses, and the parties' arguments were based on their respective pleadings.

Nava argued that he did not timely receive notice of the dismissal hearing or dismissal order.  As he concluded his argument, Nava stated "We are just asking the Court to find that the

Plaintiff does have a meritorious claim of action for official mistake and allow us to proceed forward with the Bill of Review." *Cf. Pope*, 2023 WL 4003516, at *7 ("Perrault's conduct at both hearings indicates her understanding of the limited nature of the preliminary hearing.").

In turn, Schmidt argued it was Nava's "burden to establish prima [facie] proof of all four elements of the Bill of Review," and he twice more referred to Nava's burden to present prima facie evidence.

Neither party cited *Mabon* or *Caldwell* or expressly invoked *Caldwell*'s modified-*Baker* procedure. *See Mabon Ltd.*, 369 S.W.3d at 812; *Caldwell*, 154 S.W.3d at 96–98. For example, Nava did not argue that his prima facie proof of lack of notice required the trial court to dispense with its pretrial inquiry and set the case for trial on the question of lack of notice. *Cf. Caldwell*, 154 S.W.3d at 98 (noting that the bill of review plaintiff's "attorney specifically asserted to the trial court that service of process was a 'question of fact' and that [he] was entitled to a trial on the issue").

For its part, the trial court did not advise the parties (1) whether it considered the proceeding to be a *Baker* preliminary hearing or a trial, or (2) that it was dispensing with the pretrial hearing and spontaneously commencing a trial on the merits. *Cf. Mabon Ltd.*, 369 S.W.3d at 812 (citing *Caldwell*, 154 S.W.3d at 96–97) (reviewing no-notice procedure). The trial court's only finding was made orally at the end of the hearing: "[A]s to the Bill of Review, Court is going to find insufficient evidence to grant the Bill of Review and will deny the same."

The hearing lasted twenty-four minutes.

## C.      Trial Court's Order

The trial court's oral pronouncement was supplanted in part by its written order. *See In re A.S.G.*, 345 S.W.3d 443, 448 (Tex. App.—San Antonio 2011, no pet.) ("[A] written order controls over a trial court's oral pronouncement when there is an inconsistency."). The written order does

not find insufficient evidence; it sustains Schmidt's evidentiary objections, strike's Nava's evidence, denies Nava's request to overturn the dismissal order, and dismisses Nava's bill of review.

## DEPARTURE FROM REQUIRED PROCEDURE

Having (1) determined the applicable procedure and (2) reviewed the record regarding the nature of the hearing, we turn now to the trial court's application of the law to the facts. *See $217,590.00 in U.S. Currency*, 18 S.W.3d at 632. We consider whether the trial court properly applied the law to the facts for either a *Baker* hearing or a trial on the bill of review merits.

### A.    Pretrial *Baker* Hearing

If the trial court understood the hearing to be a pretrial *Baker* hearing, the trial court was required to take Nava's prima facie proof as true. *See Caldwell*, 154 S.W.3d at 97 (noting that fact questions pertaining to service "[are] properly resolved at trial and not by the trial court in a pretrial proceeding if the material facts are disputed"); *Baker*, 582 S.W.2d at 409 (addressing the "pretrial, legal determination" of prima facie evidence and noting that "factual questions arising out of factual disputes are resolved in favor of the complainant").

Nava's affidavit and attachments included prima facie proof that he had not timely *received* notice of the dismissal hearing or dismissal order.

Under the required procedure, the trial court could not properly sustain Schmidt's objections to Nava's evidence, strike Nava's evidence, or dismiss Nava's bill of review. *See Caldwell*, 154 S.W.3d at 97–98; *Baker*, 582 S.W.2d at 409. The trial court was required to set the notice question for trial, but it did not. *See Caldwell*, 154 S.W.3d at 97–98; *Baker*, 582 S.W.2d at 409.

**B.      Trial on the Merits**

If the trial court understood that the hearing began as a trial on Nava's bill of review, or that it started as a *Baker* hearing but turned into a trial, the trial court's actions were still erroneous for at least two reasons.

First, the order setting the bill of review hearing did not give Nava notice of a trial setting. *See Boateng*, 171 S.W.3d at 492–93 (noting that, where the order setting the hearing identified it as a *Baker* hearing, "the record does not show that the parties received notice and an opportunity to be heard as to a trial on the merits" and adding that "this error deprived the [parties] of due process because they received no notice of trial and no opportunity to be heard at what later became, by the court's declaration, the trial on the merits"); *see also Pope*, 2023 WL 4003516, at *6 ("Failure to give notice violates 'the most rudimentary demands of due process law.'" (quoting *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988))).

Second, the order did not give Nava the minimum forty-five days' notice for a trial setting or a dispositive hearing.  *See* TEX. R. CIV. P. 245 (requiring "reasonable notice of not less than forty-five days to the parties of a first setting for trial"); *In re RPH Capital Partners*, 2017 WL 2561562, at *2 ("The forty-five day notice provision of Rule 245 is mandatory.  A trial court's failure to comply with Rule 245 in a contested case deprives a party of its constitutional right to be present at the hearing, to voice its objections in an appropriate manner, and results in a violation of fundamental due process.  Failure to give the required notice constitutes lack of due process and is grounds for reversal."); *see also Pope*, 2023 WL 4003516, at *7 (noting that Rule 245's notice provision is mandatory).

**C.      Trial Court Erred**

Under *Caldwell*, the trial court was required to set the bill of review for trial on the merits. *See Caldwell*, 154 S.W.3d at 97.  The record conclusively establishes that the parties disputed the

material facts, and in such a case, "the question of [notice had to be] resolved at trial and not by the trial court in a pretrial proceeding." *See id.*; *Pope*, 2023 WL 4003516, at *5 (noting that if the petition presents prima facie proof, "the court should proceed to the second step: discovery and a trial on the merits of the bill of review"); *Maree v. Zuniga*, 502 S.W.3d 359, 367 (Tex. App.— Houston [14th Dist.] 2016, no pet.) ("The trial court erred by converting the *Baker* Hearing into a trial on the merits of the . . . bill-of-review petition.").

Whether the trial court considered the bill of review hearing a pretrial *Baker* hearing or a trial on the bill of review merits, the trial court did not properly apply the law to the facts, *see $217,590.00 in U.S. Currency*, 18 S.W.3d at 632, and its error was reversible, *see Caldwell*, 154 S.W.3d at 97–98; *Baker*, 582 S.W.2d at 409; *In re RPH Capital Partners*, 2017 WL 2561562, at *2; *see also Boateng*, 171 S.W.3d at 494 (noting that harm analysis does not apply).

## CONCLUSION

Nava's bill of review petition alleged factually and with particularity that he did not timely receive notice of the dismissal hearing or the dismissal order. Schmidt disputed the facts pertaining to notice, and the disputed material facts on lack of notice determined the applicable procedure.

The proper procedure was to dispense with the pretrial hearing and set the case for trial, with the required notice to the parties, but the trial court did not do so. Accordingly, we reverse in its entirety the trial court's order denying Nava's bill of review, and we remand this cause for the trial court to conduct a trial on notice.

Patricia O. Alvarez, Justice